# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13309

_____

ABIGAIL JEAN MARBUT,

                                                                                  *Plaintiff-Appellant*

versus

MATTHEW PHILLIPS,
    in his individual capacity,
JOSHUA CASH,
    in his individual capacity,
KIRBY COLLIER,
    in his individual capacity,
JUSTIN PENA,
    in his individual capacity,

                                                               *Defendants-Appellees,*

MICHAEL DAVID LECROY,
    in his individual capacity and official capacity as a Sargent in the Henry County Police Department,

                                                                                      *Defendant.*

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00776-VMC

ORDER:

Counsel for the parties in this appeal are directed to be prepared to address the following issues at oral argument on Friday, January 30, 2026:

1. Whether *Case v. Montana*, No. 24-624 (U.S. Jan. 14, 2026), abrogates the probable-cause requirement imposed by our decisions holding that "[m]ental-health seizures are reasonable under the Fourth Amendment when the officer has probable cause to believe that the seized person is a danger to himself or to others." *Ingram v. Kubik*, 30 F.4th 1241, 1250 (11th Cir. 2022). *See Case*, slip op. at 8 (declining to import "[t]he probable-cause standard" into the "emergency aid" context because probable cause "is peculiarly related to criminal investigations" (citation and internal quotation marks omitted)).

2. If the emergency-aid doctrine described in *Case* does not apply, whether the defendant officers had probable cause to believe that Marbut committed a criminal drug offense. *See* Blue Br. 41 (conceding that "Appellees were entitled to believe the information they were provided by Appellant's mother, who expressed concern about the possible ingestion

of GHB"); *United States v. Brown*, 415 F.3d 1257, 1260 (11th Cir. 2005) (describing GHB as a "schedule I controlled substance"); 21 U.S.C. § 844(a) (prohibiting knowing and intentional possession of a controlled substance); *United States v. Thomas*, 160 F.4th 1177, 1183 (11th Cir. 2025) (observing that "any crime for which a reasonable policeman would have probable cause will support [an] arrest").

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION